IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH SCOTT, Inmate #B-50780,  )<br>  )<br>    Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>ROD R. BLAGOJEVICH, *et al.*,  )<br>  )<br>    Defendants.  ) | CIVIL NO. 04-873-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently an inmate in the Logan Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

As summarized in the complaint, Plaintiff was found guilty on three counts of attempted

murder in October 1993. He was sentenced to a 20-year term of imprisonment, followed by a term of mandatory supervised release; he began that term of supervised release in May 2003. On November 5, 2003, he tested positive for "T.H.C.", and in May 2004 he was taken into custody for questioning on an assault. He was formally charged with mob action on July 15, 2004, and he was found guilty of a parole violation in June 2004. Apparently that violation was related to the positive drug test and was "backdated" to November 5, thus stopping the running of that parole term at that time, rather then when he was taken into custody in May 2004.

In this action, Plaintiff claims that in May 2003, he had effectively served his full 20-year sentence, thus "the state law lacked any control over [him] to put him on mandatory supervised release." He argues that returning him to prison for a parole violation constitutes a violation of his rights under the Fourteenth Amendment. He also argues that it was unfair for his parole violation to be effective on November 5, 2003, thus negating the six-month period between the drug test and his re-arrest on May 2004. As relief, he seeks damages of $100 per day for each day that he has been held in custody on the parole violation.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's

> action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 488.

In this case, there is no allegation that Plaintiff ever challenged the revocation of his supervised release through the state courts; it follows that the revocation has not been "reversed, expunged, invalidated, or impugned" by any court.  Accordingly, he has no valid claim for damages under § 1983.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: November 9, 2006.**

                                          **s/ J. Phil Gilbert**
                                          **U. S. District Judge**